Official translation No. 2017-1130 made by Maria Mercedes Uricoechea T., licensed translator per res. 10607 of 30 December, 1981, of the Ministry of Justice

### REPUBLIC OF COLOMBIA
### MINISTRY OF INTERIOR AND JUSTICE
### RESOLUTION No. 426 OF DECEMBER 15, 2016

### DECIDING ON A REQUEST FOR EXTRADITION.

FILED by _PG_ D.C.

. MAR 2 0 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### THE MINISTER OF AGRICULTURE AND RURAL DEVELOPMENT OF THE REPUBLIC OF COLOMBIA

Delegated with Presidential functions by Decree No. 1977/2016 and in exercise of powers under Article 491 Law 906/2004, and

### WHEREAS:

**1.** In Diplomatic Note No. 1086 of June 30, 2015, the Government of the United States of America, through its Embassy in Colombia, requested the provisional detention for purposes of extradition of the Colombian citizen **ALVEIRO FEO-ALVARADO**, required to appear for trial for a narcotics offense.

**2.** Attending to this request, the Office of the Attorney General, in a Resolution of July 10, 2015, ordered the arrest for purposes of extradition of the Colombian citizen **ALVEIRO FEO-ALVARADO**, I.D. No. 77.162.067, a decision which was served on July 15, 2015 at his place of confinement.

**3.** The United States Embassy in Colombia, in Diplomatic Note No. 1635 of September 8, 2015 formalized the request for extradition of the Colombian citizen **ALVEIRO FEO-ALVARADO** .

The Note in question states as follows:

> *"ALVEIRO FEO-ALVARADO is wanted to appear for trial for a narcotics offense. He is the subject of indictment No. 15 CR 20403-WPD/LSS of June 4, 2015 in the US District Court of the Southern District of Florida, charging him of conspiracy to distribute five (5) kilograms or more of cocaine, knowingly and with the intention that said cocaine would be imported illegally into the United States, in violation of Title 21, Sections 959(a)(2), 960(b)(1)(B) and 963 of the U.S. Code.*

> *(...)*

> *An order for the detention of ALVEIRO FEO ALVARADO this offense was issued on June 4, 2015 by the court mentioned above. Said order remains in force and effect.*

> *(...)*

Maria Mercedes Uricoechea T.
Traductora Juramentada
Resolución 10607/81 Minjusticia

1

Official translation No. 2017-1130 made by Maria Mercedes Uricoechea T., licensed translator per res. 10607 of 30 December, 1981, of the Ministry of Justice

> *All the actions of the accused were performed after December 17, 1997......"*

**4.** The request for the extradition of the citizen **ALVEIRO FEO-ALVARADO** thus being formalized, the Ministry of Foreign Affairs, through its International Legal Affairs Office, issued Communication DIAJI No. 2075 of September 8, 2015 said:

> "As our domestic criminal procedure legislation provides, it is appropriate to proceed subject to international instruments in force between the Republic of Colombia and the United States of America.
>
> Consequently, it should be said that the *'United Nations Convention against the illicit traffic in narcotic drugs and psychotropic substances signed on December 20, 1988[1] is in force.* In this sense, Sections 6.4.and 6.5 of that international instrument read as follows:
>
> > *'[…]*
> >
> > *4. The Parties that do not condition extradition on the existence of a treaty will recognize the crimes that apply to this Article as cases of extradition between them.*
> >
> > *5. **Extradition will be subject to the conditions provided for by the domestic law of the requested State Party** or by applicable extradition treaties, including, inter alia, the reasons for which the State required may deny extradition.*
>
> *[…] (emphasis added)]"*
>
> "Likewise, the United Nations *Convention against Transnational Organized Crime*, adopted in New York on November 27, 2000[2] Articles 16.3 and 16.7 states that:
>
> > *6. States Parties which do not subject extradition to the existence of a treaty, undertake to include such offenses as extraditable offenses in every extradition treaty to be concluded between them.*
> >
> > *(…)*
> >
> > *7. **Extradition shall be subject to the conditions provided for by the domestic law of the requested State Party** or by applicable extradition treaties, including, inter alia, conditions in relation to the minimum penalty requirement for extradition and the grounds upon which the requested State Party may refuse extradition. (emphasis added)*

---

[1] Article3.1.(a)
[2] Article 3 para 1 sections a) or b)

Maria Mercedes Uricoechea T.
Traductora Juramentada
Resolución 10607/81 Minjusticia

Therefore, and in the light of the terms of Articles 491 and 496 of Law 906/2004, in matters not regulated by the above mentioned Conventions, proceedings will follow provisions of the Colombian legal order…"

**5.** The file of the request for the extradition **ALVEIRO FEO-ALVARADO** thus being complete, the Ministry of Interior and Justice and Law, in Communication No. OFI15-0023653-OAI-1100 of September 14, 2015, sent it to the Criminal Cassation Division of the Supreme Court of Justice for the Court to give its opinion.

**6.** The Criminal Cassation Division of the Supreme Court of Justice, in a decision of November 23, 2016, found that the requirements had been met as applicable to this case, and gave its **favorable opinion** for the extradition of the citizen **ALVEIRO FEO-ALVARADO** to stand trial only for drug trafficking offense, and **unfavorable opinion** for conspiracy to commit and offense, since this person has already been tried and convicted in Colombia.

In this regard, the Court has said:

*"Notwithstanding the factual analysis made by the justice in said decision, the Court finds that this person was convicted of aggravated conspiracy to commit an offense, amongst others, under Article 340.2 of the Criminal Code «to commit the offenses of (…) drugs, narcotics or psychotropic substances», that is, with narcotics traffic as member of the criminal gang of «Los Urabeños».*

*It should be recalled that the extradition request from the United States Government and the statement of support to the diplomatic request, made by the DEA Agent, Paul Cohen, mentioned above, include facts linking FEO ALVARADO to conspiracy to commit narcotics offenses, as member of the criminal group of «Los Urabeños», acting as intermediary for the commanders of the areas assigned by the leader of the criminal organization, and participating in cocaine transactions, since «in more than ten occasions between 2010 and 2013» he dealt with the purchase and shipments of this drug, supervised said shipments and acted as intermediary between suppliers and freight forwarders.*

*"Therefore, the nature of the act tried in sentence issued by Special Criminal Circuit Court 3 of Antioquia is factually similar with the foreign indictment, which mutually relates the conspiracy to commit an offense by the criminal business of which FEO-ALVARADO was a member, and which illicit purpose was, amongst others, to export drugs from Colombia to other countries, including, the United States.*

*It is worth noting, that these criminal activities were performed during the same period of time, when in the statement of support to the U.S. request says that this person performed criminal acts until 2013; and at the same time, in Colombia, said conduct qualified as "of permanent execution", ran until the*

3

Official translation No. 2017-1130 made by Maria Mercedes Uricoechea T., licensed translator per res. 10607 of 30 December, 1981, of the Ministry of Justice

*formulation of the* accusation *as chronological limit of the facts[3] , with subsequent presentation of pre-agreement dated **October 31, 2014**; all the above, during the time he belonged to the criminal group of «Los Urabeños».*

*Consequently, the non bis in idem principle for conspiracy to commit an offense regarding the request against ALVEIRO FEO-ALVARADO for this charge operates in this case, since he was already tried and convicted in Colombia, and therefore, the opinion will be unfavorable to that particular request.*

*The situation is different from the facts mentioned with narcotics offenses[4], where the proceedings did not show that this offense had been object of accusation on that occasion, let alone, any conviction against the required person for that punishable conduct, for which he is also required by the U.S. Government, per Indictment No. 15 CR 20403-WPD, of June 4, 2015 in the U.S. District Court for the Southern District of Florida.*

*Therefore, this Court does not consider that there is any impediment for the granting of extradition of ALVEIRO FEO-ALVARADO for narcotics offenses…"*

Additionally, the Court stated:

*"**7. Conclusion***

*The foregoing reasons, allow it to be said that the legal requirements to issue an **unfavorable opinion** to the extradition request of the Colombian citizen ALVEIRO FEO-ALVARADO for aggravated conspiracy to commit an offense, and **favorable** opinion for drug-trafficking offenses, contained in Indictment No. 15 CR 20403-WPD, of June 4, 2015, in the U.S. District Court for the Southern District of Florida, as mentioned above.*

*7.1 At this time, the Court considers it relevant to state in order to guarantee the fundamental rights of the person required, that if the Government accedes to the extradition of the required person, the State requiring should guarantee the return of the person required to Colombia in conditions of dignity and respect for the human being, if the person is acquitted, dismissed, declared not guilty or similar, including after his release, having served the sentence which may be passed upon him for the crimes which originates the extradition request.*

*Likewise, and attending to the terms of Article 494 of Law 906/2004 the Criminal Procedure Code, that the Government may subordinate the grant of*

[3] Court's jurisprudence has held that when the permanent execution offense continues, the limit to take into account for the purposes of establishing the facts to be tried, as well as the prescription term, is, in matters regulated by *Law 600 of 2000, the closing of the investigation, and, in those processed by Law 906/2004, the formulation of the accusation. (Cf. CSJ SP5237-2016, of April 27, 2016, file 47389 and CSJ AP, of February 5, 2014, file 43159*
[4] *Cf. Similar cases CSJ CP051-2016 of May 4, 2016, and CSJ CP097 of June 29, 2016*




María Mercedes Uricoechea T.
Traductora Juramentada
Resolución 10607/81 Minjusticia

4

Official translation No. 2017-1130 made by Maria Mercedes Uricoechea T., licensed translator per res. 1060/of
30 December, 1981, of the Ministry of Justice

extradition to such conditions as it sees fit and demand that the person required may not be tried for acts prior to or other than those that motivate the extradition, nor subjected to punishment other than that imposed upon conviction; not subjected to the death penalty, banishment, life imprisonment, confiscation, torture or cruel inhuman or degrading punishment by the State requesting, in accordance with Articles 12 and 34 of the Constitution, and as suggested by the Procurator's office through its Delegate and his Counsel.

Likewise, the Government must make it a condition of delivery of ALVEIRO FEO-ALVARADO that all due guarantees be respected with corresponding to his status as an accused, specifically, that he must have access to a public trial without undue delay, that his innocence be presumed, that he be attended to by an interpreter, that he may have counsel appointed by his or by the State, and that he be given sufficient time and means to prepare his defense, and he may present evidence and dispute the evidence given against him, and his situation of deprivation of liberty shall be conducted in conditions of dignity, and any penalty eventually imposed upon him may not be over-harsh on him, and its essential purpose must be reform and social adaptation, (Articles 9 and, 10 of the Universal Declaration of Human Rights, 5-3.6, 7-2.5 8-1.2(a) (b)(c)(d) (e)(f)(g)(h) ,.3.4.5 9 of the American Pact on Human Rights and 9-2.3, 10-1-2-3, 14.1.2.3.5 and 15 of the International Covenant on Civil and Political Rights.

Also, that he may not be convicted twice for the same act, by mandate of the Constitution, nor may the same act be given a different legal description.

Further, the Government must make it a condition of delivery to the State Requiring, following its internal policies on the matter, must offer him real rational possibilities of regular contact with his close family, considering that Article 42 of the 1991 Constitution describes the family as the essential nucleus of society, and guarantees its protection and recognize its honor, dignity and intimacy, and this is reinforced by the protection which this same nucleus is afforded by the American Convention on Human Rights and International Covenant on Civil and Political Rights, Article 17 and 23, respectively.

Additionally, the Government will ask State requiring that, in the event of conviction, the time that the required person has been deprived of his liberty by reason of these proceedings must be taken into account.

In view of the above, it is the duty of the President as head of state and supreme director of foreign policy and international relations, to effect follow-up of the conditions imposed on the grounds of the extradition and must further determine the consequences of failure to observe them, under the terms of Article 189.2 of the Constitution.

**7.2** By virtue of the foregoing the Criminal Cassation Division of the Supreme Court of Justice offers an **UNFAVORABLE OPINION** on the extradition

Maria Mercedes Uricoechea T.
Traductora Juramentada
Resolución 1060/81 MinJusticia



5

Official translation No. 2017-1130 made by Maria Mercedes Uricoechea T., licensed translator per res. 10667/81 of 30 December, 1981, of the Ministry of Justice

*of the Colombian citizen* **ALVEIRO FEO-ALVARADO** for conspiracy to commit an offense, *and* **FAVORABLE** *for drug trafficking offenses, contained in Indictment No. 15 CR 20403-WPD, of June 4, 2015, in the U.S. District Court for the Southern District of Florida, as mentioned…".*

**7**. Attending to the favorable opinion of the Criminal Cassation Division of the Supreme Court of Justice and in the terms of Article 501 of Law 906/2004, the Government is free to act in the national interest, and, the Government will **grant** the extradition of the citizen **ALVEIRO FEO-ALVARADO**, I.D. ("cedula") No. 77.162.067 to appear for trial before the U S authorities, exclusively for drug trafficking offenses, for which this Court issued a favorable opinion; and **will deny** the extradition of this citizen regarding conspiracy to commit an offense, mentioned in indictment No. 15 CR 20403-WPD/LSS, of June 4, 2015, in the U.S. District Court for the Southern District of Florida, since for the latter, the Criminal Cassation Division of the Supreme Court of Justice issued an unfavorable opinion to the extradition, since this person had already been tried and convicted in Colombia.

**8**. Information on file shows that according to criminal proceedings No. 050016000000201400458, the citizen **ALVEIRO FEO-ALVARADO** was sentenced in Colombia by Special Circuit Criminal Court 1 of Antioquia, in sentence of June 23, 2015, to 72 months imprisonment for having found him guilty of the punishable conduct enshrined in Article 340.2 and 340.3 of the Criminal Code, that is, aggravated conspiracy to commit an offense, a decision that is duly enforced.

Additionally, information was received that under file No. 110016000000201500763, the same judicial authority is currently trying him for the offenses of aggravated homicide, forced disappearance, possession of weapons, terrorism and conspiracy to commit an offense *with trafficking purposes of toxic drugs, homicide, terrorism, forced displacement, amongst other",* which have not reached the trial phase.

On the other hand, Delegate Prosecutor 30 of the Transitional Justice Unit Court of the Prosecution Service, in electronic mail of December 9, 2016, informed that the required citizen *"…was named as candidate to the Law of Justice and Peace, in communication of August 15, 206, and to this date he has been found reluctant, that is, he has not appeared before the Court to ratify his will to continue in the procedure and benefits of Law 975 of 2005, in spite of having been called and notified in accordance with the mentioned Law…"*

The existence of criminal proceedings against the citizen **ALVEIRO FEO-ALVARADO,** satisfies the hypothesis of Article 504 of Law 906/2004 and gives the Government the discretion to postpone delivery or not to do so.

In this case, the Government, attending to its discretionary powers under the law as mentioned and in order to decide on the timing of the delivery of the person required, does not consider it in order to defer or postpone delivery of the Colombian citizen **ALVEIRO FEO-ALVARADO**, and on the contrary, will order it to take place, subject to

Maria Mercedes Uricoechea T.
Traductora Juramentada
Resolución 10667/81 Minjusticia



6

compliance with certain conditions to be established in this administrative act.

**9.** The Government, attending to Section 494.1 of Law 906/2004, will require the Government of the United States not to try the person required for an action prior to or other than that which motivates this request for extradition. Likewise, it is informed that acts committed or evidence presented prior to December 17, 1997 shall not be included.

**10.** The Government will order the delivery of the citizen **ALVEIRO FEO-ALVARADO** against the commitment by the State Requiring that it will comply with the conditions of Section 494.2 of Law 906/2004, that is, that he will not be subjected tom forced disappearance, torture or cruel, inhuman or degrading treatment or punishment or banishment, life imprisonment or confiscation. The proviso against the death penalty is not required here since the offense which is the motive of this extradition request does not attract that penalty.

**11.** The citizen required is entitled to recognition in the State Requiring of the time spent detained by reason of the extradition process, and in order to accredit this situation he may request that the Prosecution Service certify this, since it is the competent authority to do so.

Notwithstanding the foregoing, we note that, as has been customary, the International Affairs Department of the Prosecution Service will send a certificate of the time spent in detention by reason of the extradition proceedings to the Ministry of Foreign Affairs Migration and Consular Affairs and Citizen Service Department for the appropriate Consul to be aware of the situation.

Finally, the Government, through the Ministry of Justice and Law, will send a copy of this decision to the Ministry of Foreign Affairs Migration and Consular Affairs and Citizen Service Department for the purposes of Presidential Directive 7/2005 and the Supreme Court of Justice in its opinion.

Therefore it is,

## RESOLVED:

**ARTICLE 1.  To grant** the extradition of the Colombian citizen **ALVEIRO FEO-ALVARADO** , I.D. ("cedula") No. 77.162.067 to appear for trial before the U S authorities for: conspiracy to possess, knowingly and deliberately, with the intention to distribute, five kilograms or more of cocaine on board a vessel subject to U.S. jurisdiction, mentioned in indictment No. 15 CR 20403-WPD/LSS, of June 4, 2015 in the U.S. District Court for the Southern District of Florida.

**ARTICLE 2: To deny** the extradition of the citizen **ALVEIRO FEO-ALVARADO** for conspiracy to commit and offense, mentioned in indictment No. 15 CR 20403-

María Mercedes Uricoechea T.
Traductora Juramentada
Resolución 10607/81 Min.justicia



7

WPD/LSS, of June 4, 2015 in the U.S. District Court for the Southern District of Florida, since the Supreme Court of Justice issued an unfavorable opinion to the extradition.

**ARTICLE 3:** Not to defer the delivery of this citizen, as provided for in the motivaton part of this resolution.

**ARTICLE 4.** To order the delivery of the citizen **ALVEIRO FEO-ALVARADO**, with the commitment on the part of the State Requiring to comply with conditions referred to in Section 494.2 of Law 906/2004 that is, that the person required will not be subjected to forced disappearance, torture, cruel, inhuman or degrading treatment or punishment, banishment, life imprisonment and confiscation.

**ARTICLE 5.** The State Requiring will be advised that the citizen extradited may not be tried or convicted for any prior act other than that which was the reason for this request, in accordance with the terms of Section 494.1 of Law 906/2004. Likewise it is noted that events or evidential material prior to December 17, 1997 may not be included.

**ARTICLE 6.** This decision is to be served on the interested party or his attorney, or other person duly authorized by the interested party to receive service, and he is to be informed that there is recourse for revocation against it, and recourse must be entered within ten (10) days following service of this notice, in accordance with Article 76 of the Administrative Disputes Code.

**ARTICLE 7.** A certified copy of this resolution, subject to enforceability, will be sent to the International Legal Affairs Office and the Migration and Consular Affairs, to Special Criminal Circuit Court of Antioquia 1, to Prosecutor 30 of Transitional Justice, and to the Attorney General, for them to act accordingly.

**ARTICLE 8.** This resolution takes effect from the date it is in firm.

**BE THIS PUBLISHED** in *Diario Oficial,* **SERVED** on the person required or his attorney, or the person duly authorized by the interested party to receive service, **COMMUNICATED** to the Ministry of Foreign Affairs, to Special Criminal Circuit Court of Antioquia 1, to Prosecutor 30 of Transitional Justice and to the Attorney General, and **OBEYED**

Given in Bogotá on December 15, 2016

Minister of Justice and Law,

(Signed) JORGE EDUARDO LONDOÑO ULLCA

Apostille **AREG1651532121** of 4/6/2017 certifies that this document was signed by Alvaro de Fatima Gómez-Trujillo, Secretary General of the Ministry of Justice and Law.

THE ABOVE IS A TRUE AND FAITHFUL TRANSLATIKON, COPY OF WHICH IS KEPT IN THE FILES OF AS TRADUCCIONES S.A.S. FOR COMPARISO. CALE 84 No. 18-38.

Maria Mercedes Uricoechea T.
Traductora Juramentada
Resolución 10607/81 Ministerio



8

Official translation No. 2017-1130 made by Maria Mercedes Uricoechea T., licensed translator per res. 10607 of 30 December, 1981, of the Ministry of Justice

## MARIA MERCEDES URICOECHEA T.
### OFFICIAL TRANSLATOR/INTERPRETER
RESOLUTION 10607/1981 MINISTRY OF JUSTICE

9

Maria Mercedes Uricoechea T.
Traductora Juramentada
Resolución 10607/81 Minjusticia



 CANCILLERÍA

**DIAJI No. 0967**

Bogotá D.C., 4 de mayo de 2017

Doctor
**ANÍBAL ANDRÉS RUGE JAIQUEL**
Jefe Oficina de Asuntos Internacionales
Ministerio de Justicia y del Derecho
Ciudad

Ministerio de Justicia y del Derecho
Oficina de Asuntos Internacionales
Código de la correspondencia: EXT-OAI-2017-0474
Fecha y hora de registro: 04- may-2017 - 16:01:24
Nombre del funcionario que registra: Guezguan Salamanca, Jairo ¿
Responsable de la correspondencia: Pedrozo, Francisco
Cantidad de anexos: 4

Respetado Doctor Ruge:

De manera atenta, remito copia de la Nota Verbal No. 0539 de fecha 3 de mayo de 2017, procedente de la Embajada de los Estados Unidos de América, la cual versa sobre los condicionamientos para la posterior entrega en extradición del señor **ALVEIRO FEO ALVARADO**.

Cordial saludo,

OLGA LUCÍA ARENAS NEIRA
**Directora de Asuntos Jurídicos Internacionales (E)**

Anexo: Lo anunciado.
Proyectó: JLMS
DIAJI No. 207.885.255

**Calle 10 No 5 – 51 Palacio de San Carlos**
Dirección correspondencia Carrera 5 No 9 - 03 Edificio Marco Fidel Suárez
PBX 3814000 – Fax 3814747
www.cancilleria.gov.co – contactenos@cancilleria.gov.co
Bogotá D.C., Colombia Sur América


GP-CER 221918


SC-CER 221917



No. 0539

The Embassy of the United States of America presents its compliments to the Ministry of Foreign Relations of the Republic of Colombia and has the honor to refer to Ministry diplomatic note No. DIAJI 0312, dated February 8, 2017, in which the Ministry informs the Embassy that the Government of Colombia has approved the extradition of Colombian fugitive Alveiro Feo Alvarado pursuant to Resolution No. 426, dated December 15, 2017.

Furthermore, the Embassy takes note that the Ministry requests as a condition for the extradition of Alveiro Feo Alvarado assurances that he will not be subject to forced disappearance, banishment, torture or cruel and unusual punishment, degrading or inhumane treatment, illegal confiscation, life imprisonment, or the imposition of the death penalty. As a condition of his extradition, the Government of the United States assures the Government of Colombia that no such proscriptions will be applied to Feo Alvarado if he is extradited to the United States.

Although the maximum statutory penalty for the charge for which extradition was approved is life imprisonment, the Government of the United States assures the Government of Colombia that a sentence of life imprisonment will not be sought or imposed if Feo Alvarado is extradited to the United States.

DIPLOMATIC NOTE

-2-

Regarding the death penalty assurance requested in the aforementioned Ministry note, the United States Government does not believe that such assurance is necessary in this case. Pursuant to the criminal laws of the United States, the death penalty is not an authorized punishment for the offenses for which Feo Alvarado's extradition was approved. Therefore, the death penalty cannot be requested or imposed in this case.

Regarding other assurances requested in the aforementioned Ministry note, the Government of the United States reiterates its assurances to the Government of Colombia that no person extradited to the United States from Colombia will be subject to forced disappearance, banishment, torture or cruel and unusual punishment, degrading or inhumane treatment or illegal confiscation.

The United States Government reaffirms its commitment to honor these assurances with respect to Alveiro Feo Alvarado.

The Embassy of the United States of America avails itself of this opportunity to renew to the Ministry of Foreign Relations of the Republic of Colombia the assurances of its highest consideration.

Embassy of the United States of America,
    Bogotá, D.C., May 3, 2017.



52

| Página 1 de 1 | PROCESO: DESARROLLAR INVESTIGACION JUDICIAL | |
|---|---|---|
| Código: 2IJ-FR-0002 | | |
| Fecha: 07-06-2016 | ACTA ENTREGA DE EXTRADITABLE | POLICÍA NACIONAL |
| Versión: 1 | | |

*En Bogotá Distrito Capital, a los (25) días del mes de mayo del año dos mil diecisiete (2017), a las __ horas se hace entrega del señor **ALVEIRO FEO ALVARADO** identificado con cédula de ciudadanía número 77.162.067 de El Paso - César, al Agente Especial de la DEA **MICHELE DYER** comisionada por la Embajada de los Estados Unidos de América, para recibirlo y trasladarlo según comunicado de fecha (18) del mes de mayo del año dos mil diecisiete (2017) enviado por la Embajada de los Estados Unidos de América, facultados mediante oficio número DGI 20171700033281 de fecha (15) de mayo de 2017, emanado de la Fiscalía General de la Nación y suscrito por la Doctora **ANA FABIOLA CASTRO RIVERA** Directora de Gestión Internacional, el cual comunica la extradición según Resolución Ejecutiva No. 426 de fecha (15) del mes de diciembre del año 2016, del precitado ciudadano a los Estados Unidos de América, quién deberá comparecer ante la Corte Distrital del Distrito Sur de Florida.*

Funcionaria que recibe al Extraditable:

**MICHELE DYER**
*Agente Especial de la DEA*

Funcionarios que entregan:

**MY. JORGE ALEXANDER MORA CORTES**
*Jefe OCN INTERPOL Colombia*

**ST. VICTOR DANIEL MURILLO DUQUE**
*Jefe Grupo Investigaciones Internacionales (E)*



   

*HUELLA PULGAR*          *HUELLA INDICE*

**MANO DERECHA DE LA PERSONA EXTRADITADA**

Elaboro: SI. Juan Carlos Velásquez Santiago
Reviso ST. Victor Daniel Murillo Duque
Fecha de Elaboración: 22/05/2017
Archivo: Trámite Extraditables/Acta de Entrega 2017

Avenida el Dorado   75 – 25 Barrio Modelia
Teléfonos   5159700 ext 30439
interpol.invest@policia.gov.co
**www.policia.gov.co**

TRADUCCIÓN NO OFICIAL

No. 0539

La Embajada de los Estados Unidos de América saluda muy atentamente al Ministerio de Relaciones Exteriores de la República de Colombia y tiene el honor de referirse a la nota diplomática de ese Ministerio No. DIAJI 0312, de fecha 8 de febrero de 2017, mediante la cual el Ministerio informa a la Embajada que el Gobierno de Colombia aprobó la extradición de Alveiro Feo Alvarado, fugitivo de nacionalidad colombiana, de conformidad con la Resolución No. 426, de fecha 15 de diciembre de 2017.

Además, la Embajada toma nota de que el Ministerio solicita como condición para la extradición de Alveiro Feo Alvarado se le garantice que él no será sometido a desaparición forzada, a destierro, a torturas ni a tratos o penas crueles, inhumanas o degradantes, confiscación ilegal, a prisión perpetua, o a la imposición de la pena de muerte. Como condición para su extradición, el Gobierno de los Estados Unidos le garantiza al Gobierno de Colombia que ninguna de estas prohibiciones será aplicada a Feo Alvarado si él es extraditado a los Estados Unidos.

Aun cuando la pena máxima legal para el cargo por el cual la extradición fue aprobada es la prisión perpetua, el Gobierno de los Estados Unidos le garantiza al Gobierno de Colombia que la sentencia de prisión perpetua no será solicitada ni impuesta si Feo Alvarado es extraditado a los Estados Unidos.

-2-

En relación con la garantía sobre la pena de muerte requerida mediante la nota de ese Ministerio anteriormente mencionada, el Gobierno de los Estados Unidos no considera que dicha garantía sea necesaria en este caso. De conformidad con las leyes penales de los Estados Unidos, la pena de muerte no es una sanción autorizada para el delito por el cual se solicitó la extradición de Feo Alvarado. Por lo tanto, la pena de muerte no puede ser solicitada ni impuesta en este caso.

En relación con las demás garantías solicitadas en la nota del Ministerio anteriormente mencionada, el Gobierno de los Estados Unidos reitera su garantía al Gobierno de Colombia que ninguna persona que sea extraditada de Colombia a los Estados Unidos será sometida a desaparición forzada, destierro, tortura ni a tratos o penas crueles e inusuales, inhumanas o degradantes, o a confiscación ilegal.

El Gobierno de los Estados Unidos reafirma su compromiso de respetar estas garantías con respecto a Alveiro Feo Alvarado.

La Embajada de los Estados Unidos de América aprovecha la oportunidad para renovar al Ministerio de Relaciones Exteriores de la República de Colombia las seguridades de su más alta y distinguida consideración.

Embajada de los Estados Unidos de América,
        Bogotá, D.C., 3 de mayo de 2017.



Consulado de Colombia en Miami

CGC 5701                                                    Miami, March 5th, 2018

CLERK OF COURTS
United States District
Southern District of Florida
400 N Miami Ave
Miami, FL 33128

REF.: **ALVEIRO FEO ALVARADO**
**CASE #: 15 -20403- CR-DIMITROULEAS**

Dear Clerk:

The Consulate General has been directed by the Ministry of Foreign Affairs of Colombia to forward the following documents for filing to the court and to the interested parties in the case above:

. - Copy of Diplomatic Note 0539 dated May 3th, 2017, which contains the assurances made by the Government of the United States to the Government of Colombia, in regards to the above extradition.

. - Copy of the Resolution 426 dated December 15, 2016, by which the Ministry of the Interior and Justice of Colombia decided and confirmed the request for extradition of Defendant. It is important to underline that article third (3) of the former Resolution provide as follows:

*"To warn the Requisitioning State on the fact that the citizen extradited may not be tried or convicted for any prior act other than the reason for the present extradition according with the constitutional and legal provisions, and, particularly with those contained in paragraph 1st Section 494 of Law 906/2004".*

Hence, should Defendant be convicted, we respectfully request that you provide us with a copy of the Order of Judgment and Commitment.

The Consulate General of Colombia appreciates all the attention that you can offer to this matter.

Cordially,

**MARTA JARAMILLO**
**Consul General**

**REPÚBLICA DE COLOMBIA**



**MINISTERIO DE JUSTICIA Y DEL DERECHO**

RESOLUCIÓN NÚMERO  426      DE

# 15 DIC 2016

Por la cual se decide sobre una solicitud de extradición

**EL MINISTRO DE AGRICULTURA Y DESARROLLO RURAL DE LA
REPÚBLICA DE COLOMBIA, DELEGATARIO DE FUNCIONES
PRESIDENCIALES MEDIANTE DECRETO No. 1977 DE 2016**
en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906
de 2004, y

## CONSIDERANDO:

1.      Que mediante Nota Verbal N° 1086 del 30 de junio de 2015, el Gobierno de los
Estados Unidos de América, a través de su Embajada en Colombia, solicitó la
detención provisional con fines de extradición del ciudadano colombiano **ALVEIRO
FEO ALVARADO**, requerido para comparecer a juicio por un delito federal de
narcóticos.

2.      Que en atención a dicha solicitud, el Fiscal General de la Nación, mediante
Resolución del 10 de julio de 2015, decretó la captura con fines de extradición del
ciudadano **ALVEIRO FEO ALVARADO**, identificado con Cédula de Ciudadanía No.
77.162.067, decisión que le fue notificada el 15 de julio de 2015, en el establecimiento
carcelario donde se encontraba previamente detenido.

3.      Que mediante Nota Verbal N° 1635 del 8 de septiembre de 2015, la Embajada
de los Estados Unidos de América en nuestro país formalizó la solicitud de extradición
del ciudadano **ALVEIRO FEO ALVARADO**.

En dicha Nota se informa lo siguiente:

"*Alveiro Feo Alvarado es requerido para comparecer a juicio por un delito
federal de narcóticos. Es el sujeto de la acusación No. 15 CR 20403- WPD/LSS,
dictada el 4 de junio de 2015, en la Corte Distrital de los Estados Unidos para el
Distrito Sur de Florida, mediante la cual se le acusa de concierto para distribuir*

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

426

Hoja  2 de la Resolución por la cual se decide sobre una solicitud de extradición
--------------------------------------------------------------------------------------------------------

*cinco kilogramos o más de cocaína, a sabiendas y con la intención de que dicha cocaína sería importada ilícitamente a los Estados Unidos, en violación del Título 21, Secciones 959(a)(2), 960(b)(1)(B) y 963 del Código de los Estados Unidos.*

*(... )*

*Un auto de detención contra Alveiro Feo Alvarado por este cargo fue dictado el 4 de junio de 2015, por orden de la corte arriba mencionada. Dicho auto de detención permanece válido y ejecutable.*

*(...)*

*Todas las acciones adelantadas por el acusado en este caso fueron realizadas con posterioridad al 17 de diciembre de 1997...".*

4.      Que luego de formalizada la solicitud de extradición del ciudadano **ALVEIRO FEO ALVARADO**, el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio DIAJI N° 2075 del 8 de septiembre de 2015, señaló que:

"Conforme a lo establecido en nuestra legislación procesal penal interna, se informa que es del caso proceder con sujeción a los instrumentos internacionales vigentes entre la República de Colombia y los Estados Unidos de América.

En consecuencia, es preciso señalar que, se encuentra vigente para las Partes, la *'Convención de Naciones Unidas contra el tráfico ilícito de estupefacientes y sustancias psicotrópicas'*, suscrita en Viena el 20 de diciembre de 1988[1]. En ese sentido, el artículo 6, numerales 4 y 5 del precitado tratado disponen lo siguiente:

*'[...]*

*4.  Las Partes que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellas.*

*5.  **La extradición estará sujeta a las condiciones previstas por la legislación de la Parte requerida** o por los tratados de extradición aplicables, incluidos los motivos por los que la Parte requerida puede denegar la extradición.*

*[...]'* (Destacado fuera de texto)

Así mismo, la *'Convención de las Naciones Unidas contra la Delincuencia Organizada Transnacional'*, adoptada en New York, el 27 de noviembre de 2000[2], que en su artículo 16, numerales 6 y 7, prevé lo siguiente:

---
[1] Artículo 3° numeral 1° literal a.
[2] Artículo 3, párrafo 1, apartados a) o b).

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS  ARCHIVOS DE ESTE MINISTERIO

426

Hoja  3 de la Resolución por la cual se decide sobre una solicitud de extradición
------------------------------------------------------------------------------------------------------------

'6. Los Estados Parte que no supediten la extradición a la existencia
de un tratado reconocerán los delitos a los que se aplica el presente
artículo como casos de extradición entre ellos

**7. La extradición estará sujeta a las condiciones previstas en el
derecho interno del Estado Parte requerido** o en los tratados de
extradición aplicables, incluidas, entre otras, las relativas al requisito
de una pena mínima para la extradición y a los motivos por los que el
Estado Parte requerido puede denegar la extradición'. (Destacado
fuera de texto).

De conformidad con lo expuesto, y a la luz de lo preceptuado en los artículos 491
y 496 de la Ley 906 de 2004, los aspectos no regulados por las Convenciones
aludidas, el trámite se regirá por lo previsto en el ordenamiento jurídico
colombiano...".

5.      Que perfeccionado así el expediente de extradición del ciudadano **ALVEIRO
FEO ALVARADO**, el Ministerio de Justicia y del Derecho, mediante oficio No. OFI15-
0023653-OAI-1100 del 14 de septiembre de 2015, lo remitió a la Sala de Casación
Penal de la H. Corte Suprema de Justicia para el concepto correspondiente.

6.      Que la Sala de Casación Penal de la H. Corte Suprema de Justicia, mediante
pronunciamiento del 23 de noviembre de 2016, emitió **concepto favorable** a la
extradición del ciudadano **ALVEIRO FEO ALVARADO**, únicamente para que sea
procesado por el delito de tráfico de estupefacientes y **concepto desfavorable**, por el
delito de concierto para delinquir, teniendo en cuenta que por tal conducta ya fue
juzgado y condenado en Colombia.

Sobre el particular la H. Corporación señaló:

    *"A pesar del escueto recuento fáctico que realizó el fallador en la citada
    providencia, encuentra la Sala que el procesado fue condenado por el delito de
    concierto para delinquir agravado, entre otros, por el inciso 2° del artículo 340 del
    Código Penal «para cometer delitos de (...) tráfico de drogas, estupefacientes o
    sustancias psicotrópicas», esto es, con fines de narcotráfico en calidad de
    miembro del grupo criminal «Los Urabeños».*

        *Ahora, recuérdese que en la solicitud formal de extradición del Gobierno
    estadounidense y en la declaración de apoyo al pedido diplomático, rendida por el
    Agente Investigador de la DEA, Paul Cohen, previamente transcrita, se
    relacionaron los hechos que comprometen a FEO ALVARADO en un concierto
    para delinquir con fines de narcotráfico, como miembro de la agrupación delictiva
    «Los Urabeños», quien actuaba como intermediario de los comandantes de las
    zonas asignadas por el dirigente de la organización criminal, participando en
    transacciones de cocaína, pues «en más de diez ocasiones entre los años 2010 y
    2013» negoció la compra y los envíos del estupefaciente, supervisó tales
    remisiones y actuó como intermediario entre los proveedores y los responsables
    de la carga.*

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

426

Hoja 4 de la Resolución por la cual se decide sobre una solicitud de extradición
--------------------------------------------------------------------------------

"De ahí que la naturaleza del hecho objeto de juzgamiento en la sentencia emitida por el Juzgado Tercero Penal del Circuito Especializado de Antioquia guarde similitud fáctica con la acusación extranjera, en los que mutuamente se relaciona el delito de concierto para delinquir de la empresa delincuencial relacionada a la cual pertenecía FEO ALVARADO, cuya finalidad ilícita era, entre otros, exportar drogas estupefacientes desde Colombia hacia otros países, entre los que se incluye, Estados Unidos.

No sobra indicar, que incluso esas actividades delictivas se advierten desarrolladas en el mismo espacio temporal, cuando en la declaración de apoyo al pedido de extradición estadounidense, se tiene que el actor desarrolló actuaciones delictivas **hasta el año 2013**; y a su vez, en Colombia tal conducta calificada como de ejecución permanente, se tiene que abarcó **hasta la formulación de la imputación** como límite cronológico de los hechos[3], con posterior presentación del preacuerdo del **31 de octubre de 2014**; todo durante su pertenencia a la agrupación criminal «*Los Urabeños*».

En consecuencia debe admitirse que opera el non bis in idem por el delito de concierto para delinquir respecto de la reclamación que por ese reato se hace para ALVEIRO FEO ALVARADO, porque por tales hechos fue juzgado y condenado en Colombia y, por ende, resultará desfavorable tal pedido.

Diferente situación aplica para los hechos relacionados con el delito de tráfico de estupefacientes[4]. En estas diligencias no se demostró que ese injusto haya sido objeto de imputación en aquella oportunidad, y menos aún, que exista condena en contra del requerido por esa conducta punible, por la que también es reclamado por el Gobierno de los Estados Unidos, según la Acusación No. 15 CR 20403-WPD, dictada el 4 de junio de 2015 por la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida.

Por consiguiente, no existe impedimento legal para que la Corte conceda la extradición de ALVEIRO FEO ALVARADO por el delito de tráfico de estupefacientes...".

Adicionalmente la H. Corporación manifestó:

"**7. Conclusión**

Los anteriores razonamientos permiten tener por acreditadas las exigencias legales para conceptuar de manera **desfavorable** la petición de entrega en extradición del ciudadano colombiano ALVEIRO FEO ALVARADO por el delito de concierto para delinquir agravado y **favorable** por el delito de tráfico

---

[3] La jurisprudencia de la Sala ha sostenido que cuando el delito de ejecución permanente se sigue realizando, el límite a tener en cuenta para efectos de fijar los hechos que serán objeto de juzgamiento, así como el término de prescripción, es, en los asuntos regulados *por la Ley 600 de 2000, el cierre de la investigación, y, en los tramitados por la Ley 906 de 2004, la formulación de imputación.* (Cf. CSJ SP5237-2016, de 27 de abril de 2016, rad. 47389 y CSJ AP, 5 de febrero de 2014, rad.43159).
[4] Cf. Casos similares CSJ CP051-2016 de 4 de mayo de 2016 y CSJ CP097-2016 de 29 de junio de 2016.

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

426

Hoja 5 de la Resolución por la cual se decide sobre una solicitud de extradición
-------------------------------------------------------------------------------------------------

de estupefacientes, cargos contenidos en la Acusación No. 15 CR 20403-WPD, dictada el 4 de junio de 2015 por la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida, como quedó expuesto.

   7.1. En este momento, considera la Corte pertinente, en aras de proteger los derechos fundamentales del requerido, prevenir al Gobierno Nacional, para que en el evento en que acceda a la extradición del requerido, advierta al Estado solicitante garantizarle a éste la permanencia en el país extranjero y el retorno al de origen en condiciones de dignidad y respeto por la persona humana, cuando el extraditado llegare a ser sobreseído, absuelto, declarado no culpable o eventos similares, incluso después de su liberación por haber cumplido la pena que le fuere impuesta en razón de los cargos que motivaron la solicitud de extradición.

   Del mismo modo, atendiendo lo dispuesto en el artículo 494 de la Ley 906 de 2004, el Gobierno Nacional puede subordinar la concesión de la extradición a las condiciones consideradas oportunas y exigir que el solicitado no sea juzgado por hechos diversos de los que motivaron la solicitud de extradición, ni sometido a sanciones distintas de las impuestas en la eventual condena, ni a penas de muerte, destierro, prisión perpetua o confiscación, desaparición forzada, torturas, tratos crueles, inhumanos o degradantes, por el país solicitante, de conformidad con lo dispuesto por los artículos 12 y 34 de la Constitución Política de Colombia y como lo sugiere la Procuraduría General de la Nación a través de su Delegada y la defensa.

   Así mismo, debe condicionar la entrega de ALVEIRO FEO ALVARADO a que se le respeten –como a cualquier otro nacional en las mismas condiciones – todas las garantías debidas a su condición de justiciable, en particular a que tenga acceso a un proceso público sin dilaciones injustificadas, se presuma su inocencia, cuente con un intérprete, tenga un defensor designado por él o por el Estado, se le conceda el tiempo y los medios adecuados para que prepare la defensa, presente pruebas y controvierta las que se aduzcan en contra, a que su situación de privación de la libertad se desarrolle en condiciones dignas, a que la eventual pena que se le imponga no trascienda de su persona, a que la sentencia pueda ser apelada ante un tribunal superior, a que la pena privativa de la libertad tenga la finalidad esencial de reforma y readaptación social (Artículos 29 de la Constitución; 9 y 10 de la Declaración Universal de los Derechos Humanos; 5-3.6, 7-2.5, 8-1.2 (a) (b) (c) (d) (e) (f) (g) (h).3.4.5, 9 de la Convención Americana de Derechos Humanos; 9-2.3, 10-1.2.3, 14-1.2.3,5, y 15 del Pacto Internacional de Derechos Civiles y Políticos).

   Además, de que no puede ser condenado dos veces por el mismo hecho, por mandato de la Carta Política, ni dársele una denominación jurídica distinta a la misma circunstancia fáctica.

   Igualmente, el Gobierno debe condicionar la entrega a que el país solicitante, conforme a sus políticas internas sobre la materia, le ofrezca posibilidades racionales y reales para que el extraditado pueda tener contacto regular con sus familiares más cercanos, habida cuenta que la Constitución de

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

426

*1991, en su artículo 42, reconoce a la familia como núcleo esencial de la sociedad, y garantiza su protección, lo cual se refuerza con la Convención Americana sobre Derechos Humanos (artículo 17) y el Pacto Internacional de Derechos Civiles y Políticos (artículo 23).*

*Aunado a lo anterior, se advertirá al Estado requirente, que en caso de un fallo de condena, deberá computarse el tiempo que el requerido ha permanecido privado de la libertad con ocasión de este trámite de extradición.*

*Por todo lo anterior, de conformidad con lo establecido por el numeral 2° del artículo 189 de la Constitución Política, al Gobierno Nacional, en cabeza del señor Presidente de la República como supremo director de la política exterior y de las relaciones internacionales, le corresponde hacer estricto seguimiento del cumplimiento por parte del país requirente de los condicionamientos atrás referenciados y establecer, así mismo, las consecuencias de su inobservancia.*

*7.2 Por lo expuesto, la Sala de Casación Penal de la Corte Suprema de Justicia, **CONCEPTÚA DESFAVORABLEMENTE** a la petición de entrega en extradición del ciudadano colombiano ALVEIRO FEO ALVARADO por el delito de concierto para delinquir y **FAVORABLE** por el delito de tráfico de estupefacientes, cargos contenidos en la Acusación No. 15 CR 20403-WPD, dictada el 4 de junio de 2015 por la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida, como quedó expuesto…".*

7.    Que en atención al concepto emitido por la Sala de Casación Penal de la H. Corte Suprema de Justicia, y teniendo en cuenta que de acuerdo con lo establecido en el artículo 501 de la Ley 906 de 2004 el Gobierno Nacional está en libertad de obrar según las conveniencias nacionales, **concederá** la extradición del ciudadano **ALVEIRO FEO ALVARADO**, identificado con Cédula de Ciudadanía No. 77.162.067, para que comparezca a juicio en los Estados Unidos de América exclusivamente por el delito de tráfico de estupefacientes para el cual, la H. Corporación emitió concepto favorable; y **negará** la extradición de este ciudadano en lo que respecta al delito de concierto para delinquir, mencionado en la acusación No. 15 CR 20403- WPD/LSS, dictada el 4 de junio de 2015, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida, teniendo en cuenta que por este último, la Sala de Casación Penal de la H. Corte Suprema de Justicia emitió concepto desfavorable a la extradición como quiera que por esta conducta ya fue juzgado y condenado en Colombia.

8.    Que de la información allegada al expediente se puede establecer que dentro del proceso penal No. 050016000000201400458 el ciudadano **ALVEIRO FEO ALVARADO** fue condenado en Colombia por el Juzgado Primero Penal del Circuito Especializado de Antioquia, mediante sentencia del 23 de junio de 2015, a la pena de setenta y dos (72) meses de prisión, por haber sido hallado responsable de la conducta punible consagrada en el artículo 340, inciso 2° y 3°, del Código Penal denominada concierto para delinquir agravado, decisión que se encuentra debidamente ejecutoriada.

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

426

Adicionalmente se allegó información de la que puede establecerse que dentro del radicado No. 11001600000201500763 la misma autoridad judicial, lo procesa por los delitos de homicidio agravado, desaparición forzada, porte de armas, terrorismo y concierto para delinquir *"con fines de narcotráfico de drogas tóxicas, homicidios, terrorismo, desplazamientos forzados, entre otras"*,  actuación que no ha superado la etapa de juzgamiento.

De otra parte, el Fiscal Treinta Delegado ante el Tribunal de la Unidad de Justicia Transicional de la Fiscalía General de la Nación, mediante correo electrónico del 9 de diciembre de 2016,  informó que el ciudadano requerido, *"...fue postulado a la Ley de Justicia y Paz, mediante oficio de fecha 15 de agosto de 2006, encontrándose a la fecha activo en situación de renuencia, es decir, no ha comparecido al  Despacho a ratificarse sobre su voluntad de permanencia en el procedimiento y beneficios de la Ley 975 de 2005., a pesar de haber sido citado y emplazado conforme a la mencionada ley..."*.

La existencia de los procesos penales en contra del ciudadano **ALVEIRO FEO ALVARADO**, configura la hipótesis prevista en el artículo 504 de la Ley 906 de 2004, que le otorga al Gobierno Nacional la facultad discrecional de aplazar o no la entrega.

El Gobierno Nacional en este caso, en atención a la discrecionalidad que le otorga la norma en mención para decidir sobre el momento de la entrega de la persona reclamada, no considera procedente diferir o aplazar la entrega del ciudadano colombiano **ALVEIRO FEO ALVARADO**, y por el contrario ordenará que se lleve a cabo la misma, previo el cumplimiento de unos condicionamientos que serán establecidos en el presente acto administrativo.

9.      Que el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, debe exigir al Gobierno de los Estados Unidos de América que el ciudadano requerido no sea juzgado por un hecho anterior y distinto del que motiva la solicitud de extradición. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

10.      Que el Gobierno Nacional ordenará la entrega del ciudadano **ALVEIRO FEO ALVARADO** bajo el compromiso del Estado requirente de cumplir las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación, sin que sea necesario hacer mención a la prohibición de imponer la pena de muerte, teniendo en cuenta que ésta no es la prevista para los delitos que motivan la presente solicitud de extradición.

11.      Que al ciudadano requerido le asiste el derecho de que se le reconozca en el Estado requirente el tiempo que permaneció detenido por cuenta del trámite de extradición, y para acreditar esa situación, podrá solicitar la respectiva constancia a la Fiscalía General de la Nación, por ser la entidad competente para esos efectos.

MINISTERIO DE JUSTICIA DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS  ARCHIVOS DE ESTE MINISTERIO

**426**

Hoja  8 de la Resolución por la cual se decide sobre una solicitud de extradición
-------------------------------------------------------------------------------------------------

No obstante lo anterior, se advierte que tal y como ha sido costumbre, la Dirección de Gestión Internacional de la Fiscalía General de la Nación remite la certificación sobre el tiempo de detención de los ciudadanos requeridos por cuenta del trámite de extradición a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, con el fin de que el Cónsul respectivo tenga conocimiento de esa situación.

Finalmente el Gobierno Nacional, por conducto del Ministerio de Justicia y del Derecho, remitirá copia de la presente decisión a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores para los fines indicados en la Directiva Presidencial No. 07 de 2005 y lo señalado por la H. Corte Suprema de Justicia en su concepto.

Por lo expuesto,

## RESUELVE:

**ARTÍCULO PRIMERO: Conceder** la extradición del ciudadano **ALVEIRO FEO ALVARADO**, identificado con Cédula de Ciudadanía No. 77.162.067, para que comparezca a juicio en los Estados Unidos de América exclusivamente por el delito de tráfico de estupefacientes, mencionado en la acusación No. 15 CR 20403- WPD/LSS, dictada el 4 de junio de 2015, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida.

**ARTÍCULO SEGUNDO: Negar** la extradición del ciudadano **ALVEIRO FEO ALVARADO** por el delito de concierto para delinquir, mencionado en la acusación No. 15 CR 20403- WPD/LSS, dictada el 4 de junio de 2015, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida, teniendo en cuenta que para este cargo, la H. Corte Suprema de Justicia emitió concepto desfavorable a la extradición.

**ARTÍCULO TERCERO:** No diferir la entrega de este ciudadano de conformidad con lo expuesto en la parte motiva de la presente resolución.

**ARTÍCULO CUARTO:** Ordenar que la entrega del ciudadano **ALVEIRO FEO ALVARADO** al Estado requirente, se lleve a cabo bajo el compromiso de que el país requirente cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

**ARTÍCULO QUINTO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004.  De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

426

Hoja 9 de la Resolución por la cual se decide sobre una solicitud de extradición
--------------------------------------------------------------------------------

**ARTÍCULO SEXTO:** Notificar personalmente la presente decisión al interesado, a su representante o apoderado, o a la persona debidamente autorizada por el interesado para notificarse, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer por escrito en la diligencia o dentro de los diez (10) días siguientes a su notificación, de conformidad con lo dispuesto en el artículo 76 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

**ARTÍCULO SÉPTIMO:** Una vez ejecutoriada la presente Resolución, enviar copia de la misma a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, al Juzgado Primero Penal del Circuito Especializado de Antioquia, al Fiscal Treinta de Justicia Transicional y al Fiscal General de la Nación, para lo de sus respectivas competencias.

**ARTÍCULO OCTAVO:** La presente Resolución rige a partir de la fecha de su ejecutoria.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido, a su representante o apoderado, o a la persona debidamente autorizada por el interesado para notificarse, **comuníquese** al Ministerio de Relaciones Exteriores, al Juzgado Primero Penal del Circuito Especializado de Antioquia, al Fiscal Treinta de Justicia Transicional y a la Fiscalía General de la Nación y **cúmplase.**

Dada en Bogotá, D.C. a                **15 DIC 2016**

EL MINISTRO DE JUSTICIA Y DEL DERECHO,

JORGE EDUARDO LONDOÑO ULLOA

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO



# REPÚBLICA DE COLOMBIA
### MINISTERIO DE RELACIONES EXTERIORES
## APOSTILLE
**(Convention de La Haye du 5 Octobre 1961)**

**País:**        **REPUBLICA DE COLOMBIA**
(Country: - Pays:)

**El presente documento público**
(This public document - Le présent acte public)

**Ha sido firmado por:**        **GOMEZ TRUJILLO ALVARO DE FATIMA**
(Has been signed by:
     A été signé par:)

**Actuando en calidad de:**        **SECRETARIO GENERAL**
(Acting in the capacity of:
     Agissant en qualité de:)

**Lleva el sello/estampilla de:**    **MINISTERIO DE JUSTICIA Y DEL DERECHO**
(Bears the seal/stamp of:
     Est revêtu du sceau de/timbre de:)

**Certificado**
(Certified - Attesté)

**En:**        **BOGOTA D.C**
(At: - Á: )

**El:**        **4/6/2017 16:51:42 p. m.**
(On: - Le:)

**Por:**        **APOSTILLA Y LEGALIZACIÓN**
(By: The Ministry of Foreign Affairs of Colombia    -    Par: Ministère des Affaires Étrangères de la Colombie )

**No:**    **AREG1651532121**
(Under Number: - Sous le numéro:)

Firmado Digitalmente por: (Digitally Signed by:)
    Ministerio de Relaciones Exteriores de Colombia
    ALFONSO DE JESUS VELEZ RIVAS
    Reason: DOCUMENT AUTHENTICITY
    BOGOTA - COLOMBIA



**Firma:**  (Signature:)

**Nombre del Titular:**    **ALVEIRO FEO ALVARADO**
(Name of the holder of document:
     Nom du titulaire:)

**Tipo de documento:**        **RESOLUCION**
(Type of document:   -   Type du document:)

**Número de hojas apostilladas:**        **9**
(Number of sheets:   -   Nombre de feuilles:)

013040005210891                                426 Expedido (mm/dd/aaaa): 12/15/2016

El Ministerio de Relaciones Exteriores, no asume la responsabilidad por el contenido del documento apostillado. Artículo 3 Ley 455/98

La autenticidad de esta apostilla puede ser verificada en el Registro Electrónico que se encuentra en la siguiente página web:
The authenticity of this Apostille may be verified by accessing the e-Register on the following web site:
L'authenticité de cette Apostille peut être vérifiée en accédant l'e-Registre sur le site web suivant:
## www.cancilleria.gov.co/apostilla

CONSULATE GENERAL OF COLOMBIA
280 ARAGON AVENUE
CORAL GABLES, FL 33134

TO: **CLERK OF COURTS**
United States District
Southern District of Florida
400 N Miami Ave
Miami, FL 33128